*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH CANTY,

Plaintiff-Appellee,

v

MICHAEL CHESTER MASON,

Defendant-Appellant.

FOR PUBLICATION
October 04, 2024
1:18 PM

No. 365327
Wayne Circuit Court
LC No. 21-004799-NI

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

MARIANI, J. (*concurring in part and dissenting in part*).

I agree with the majority's conclusions that (1) per MCL 500.3135(3)(c)'s incorporation of the "allowable expenses" definition in MCL 500.3107(1)(a), Canty's tort-damages claim for medical expenses comprises "reasonable charges incurred for reasonably necessary products, services and accommodations"; and (2) the trial court erred by concluding that no duty to mitigate applies his claim. I respectfully disagree, however, with the majority's conclusion that the fee schedule set forth in MCL 500.3157 applies to a tort-damages claim under MCL 500.3135(3)(c).

As the majority aptly explains, Canty's tort-damages claim is proceeding under MCL 500.3135(3)(c), which preserves from abolition by the no-fault act third-party tort liability for certain damages—namely, as relevant here, "[d]amages for allowable expenses . . . as defined in sections 3107 to 3110[.]" The Legislature thus expressly identified a discrete range of statutory provisions to define the scope of these available tort damages; MCL 500.3157 is not within it, nor does that provision itself say otherwise. Of course, the Legislature could have expressly identified MCL 500.3157 to help define the scope of these damages, as it did with the other handful of statutory sections it designated for the task. The Legislature chose not to, however, and I do not believe MCL 500.3135(3)(c) should be read as if it had.

The majority grounds its conclusion otherwise on MCL 500.3107, which is one of the provisions expressly identified in MCL 500.3135(3)(c). Section 3107 contains a subsection specifically defining the term "allowable expenses," and I certainly agree that, when the Legislature said "[d]amages for allowable expenses . . . as defined in section[] 3107," it meant to adopt that specific definition to help delineate the scope of tort damages preserved via MCL

-1-

500.3135(3)(c). But I do not see in the statutory language an intent to apply MCL 500.3157 to those tort damages as well. The majority finds such intent in Section 3107's general prefatory language, which states, "Subject to the exceptions and limitations in this chapter, and subject to chapter 31A, personal protection insurance benefits are payable for the following"—with the section then proceeding to provide specific definitions of various things, including allowable expenses. "[T]his chapter" is Chapter 31 of the Insurance Code, which spans all of MCL 500.3101 through MCL 500.3179. The majority reasons that, because MCL 500.3157 is among "the exceptions and limitations in" Chapter 31, it is a part of what MCL 500.3135(3)(c) incorporated when referring to Section 3107—a conclusion that presumably would hold for any other potentially relevant "exceptions and limitations" in Chapter 31 as well.

I struggle to square this reading with Section 3135(3)(c)'s plain language. As noted, the Legislature, in Section 3135(3)(c), expressly chose to designate a narrow and specific range of statutory provisions within Chapter 31—Sections 3107 to 3110—to define the scope of available tort damages. The majority's interpretation of Section 3107, however, effectively reads that designated range out of the statute. Rather than being defined by the specific sections of Chapter 31 that the Legislature expressly identified, tort damages under MCL 500.3135(3)(c) are instead defined—and limited—by every potentially applicable provision in Chapter 31. That reading strikes me as at odds with MCL 500.3135(3)(c)'s plain language, and leaves the Legislature's specifically chosen range of provisions without due meaning or effect.

Nor, in my view, do MCL 500.3107's own plain terms require that reading. Instead, I read "[s]ubject to the exceptions and limitations in this chapter" not to define allowable expenses per se—and thus be a part of what MCL 500.3135(3)(c) means when it speaks of those expenses "as defined by section[] 3107"—but instead to attach to and modify the language that immediately follows it: "personal protection insurance benefits are payable for the following." In other words, Section 3107's prefatory language, by its own terms, helps define what insurance benefits are payable, making clear that the payability of those benefits is subject to the exceptions and limitations of the rest of Chapter 31.[1] MCL 500.3135(3)(c), however, pertains not to the payability of insurance benefits, but to liability for tort damages—a distinction that is at the core of MCL 500.3135(3)(c), and that places that subsection to the side of what MCL 500.3107's prefatory language is addressing. In my view, MCL 500.3107's prefatory language certainly has meaning— just, by its plain terms, for something distinct (the payability of insurance benefits) from what MCL 500.3135(3)(c) specifically addresses and defines (available tort damages).

Correspondingly, in MCL 500.3135(3)(c), the Legislature did not simply say that the tort damages available for allowable expenses are "as defined in this chapter," or are the same as what are payable for insurance benefits under Chapter 31, or something to that effect. Instead, it was much more targeted and precise, carving out from Chapter 31 a discrete and expressly circumscribed range of provisions to mark the bounds of allowable expenses that can be pursued

---

[1] And this makes good sense, given that the payability of benefits is what Chapter 31 largely deals with—including MCL 500.3157, which speaks in terms of payment for treatment of injuries "covered by personal protection insurance."

as tort damages.  MCL 500.3157 is not among those legislatively chosen provisions, and I would not read it into them.[2]

In sum, I would conclude that MCL 500.3135(3)(c) does not incorporate MCL 500.3157's fee schedule into its defined scope of available tort damages, as that reading, in my view, best reflects and effectuates the plain terms of the relevant statutory provisions.  Accordingly, I respectfully dissent from the majority in that regard.

/s/ Philip P. Mariani

---

[2] Furthermore, that the scope of available tort damages may, as a result, be different than the scope of payable insurance benefits does not strike me as interpretively odd or concerning, given the fundamental difference in character between tort damages and insurance benefits (and with it, the different policy judgments that the Legislature may have brought to bear on them—that, for instance, it could strike the right cost-savings balance by imposing a fee schedule on the benefits that can be recovered via first-party claims but not on the tort damages that can be pursued via third-party lawsuits).